UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,
Plaintiff,
v.
LYNETTE LEWIS, et al.,
Defendants.

Case No. 3:26-cv-09442-JSC

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

Plaintiff Eugene Hart, who is representing himself, filed this complaint accompanied by a motion to proceed in forma pauperis. (Dkt. Nos. 1, 3.[1]) The Court GRANTS his application to proceed in forma pauperis, screens his Complaint under 28 U.S.C. § 1915(e)(2)(B), and DISMISSES this action for lack of jurisdiction without leave to amend.

The Complaint is difficult to discern. Plaintiff names Lynette Lewis and Robert Lee Hart, both of whom reside at the same address in Antioch, as Defendants. (Dkt. No. 1 at 1-2.) Plaintiff is likewise a California resident. (*Id*. at 1.) In response to the question on the form complaint regarding what federal law or right is involved Plaintiff states: "Need to be changed. Documents & Rules & Laws." (*Id*. at 2.) For his legal claim, he identifies "Breached law this is 'Rule of Law.'" (*Id*. at 5.) Plaintiff alleges "there are the wrong persons writing & originated the birth/death certificate!" (*Id*. at 3.) He "believe[s] the Defendants altered and changed the original peoples in when are stated in the certificates" and there has been "theft and false claims" that breached information "of everyone in all my families certificates." (*Id*. at 3-4.) Elsewhere, he alleges "[t]he people claimed my legal rights and had reserved my currency. Recreating my creation leaving me

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

out for the most part." (*Id*. at 6.)

Under Section 1915, the Court is required to review the sufficiency of Plaintiff's complaint and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios") "Claims that are essentially fictitious include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention.'" *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (dismissing as frivolous and fictitious claims that the President and government agents stalked the plaintiff, interfered with her job to prevent her from attending confirmation hearings, illegally classified her as a national security risk, and illegally surveilled her through a "Home guard surveillance network"); *see also Bivolarevic v. U.S. C.I.A.*, Case No. 09-4260 SBA, 2010 WL 890147, at *2 (N.D. Cal. Mar. 8, 2010) (dismissing as frivolous and fictitious claims that the CIA subjected the plaintiff to "voice to skull technology" used as a "mind control weapon").

The Court has reviewed the Complaint and concludes it does not demonstrate a basis for federal subject matter jurisdiction under either Sections 1331 or 1332. Subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000, and subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. The parties are not diverse, Plaintiff does not seek monetary damages, and does not bring any federal claims. The Complaint includes rambling allegations about Defendants falsifying the birth and death certificates of everyone in his family and "recreating his creation." (Dkt. No. 1 at 3-6.) Because Plaintiff's "claims are 'wholly insubstantial and frivolous' and thus fail[] to confer federal subject

matter jurisdiction," dismissal without leave to amend is appropriate. *Bradshaw v. MI5, Off. of Inspector Gen.*, No. 25-4397, 2026 WL 1258776, at *1 (9th Cir. May 7, 2026) (affirming sua sponte dismissal of pro se complaint without leave to amend); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

The Court concludes leave to amend is additionally futile here based on Plaintiff's conduct in other litigation in this District. In the last nine months, Plaintiff has filed over 50 actions the majority of which have been dismissed for lack of subject matter jurisdiction or failure to prosecute after Plaintiff failed to file an amended complaint despite being given the opportunity to do so—and many of these actions were brought against the same defendants here: Robert Lee Hart and Lynette Lewis (Hart). *See Hart v. Lewis*, No. 26-4731-RFL, Dkt. No. 9 (N.D. Cal. Jul. 9, 2026 Order). As a result of his conduct, Plaintiff has been ordered to show cause why he should not be declared a vexatious litigant. *Id.*

Given Plaintiff's fantastical allegations and given his litigation conduct generally, leave to amend would be futile. Accordingly, the Court DISMISSES this case for lack of jurisdiction without leave to amend.

**IT IS SO ORDERED.**

Dated: September 14, 2026

JACQUELINE SCOTT CORLEY
United States District Judge